ALTHOUSE, Respondent, vs. THE TOWN OF JAMESTOWN, Appellant.

*September 7 — September 26, 1895.*

*Pleading: Denials and admissions: Notice of injury from defective highway: Clerical error: Evidence: Disallowance of claim against town: Burden of proof.*

1. In an answer a denial of "each and every allegation, statement, matter, fact, and thing in said complaint contained, and not hereinafter admitted," will be restricted to matters not expressly referred to or attempted to be covered by the specific allegations of the answer.

2. In an action against a town for injuries from a defective bridge, where the complaint alleges seasonable service of a sufficient notice of the injury, a statement in the answer that "defendant admits that a notice of injury was some time served upon the chairman of the defendant, but it now cannot state the nature of the notice or the date of it or the time it was served," operates as an admission of the allegation of the complaint.

3. A clerical error in the notice of an injury from a defective bridge, whereby such notice stated that "the breaking of the bridge was due to its insufficiency, *no* rotten timber being used in its construction," was not misleading and did not render the notice insufficient.

4. The person who wrote the notice of injury being out of the state, a letter-press copy was introduced by plaintiff, and testimony tending to show its identity with the notice served on the town was received from a witness who had seen the notice written and copied in the letter-book and who had made the service, and also from a witness who had read the notice served. No other copy

had been made, and the original was presumably in defendant's possession. *Held,* that such testimony was not objectionable on the ground that it was not the best evidence.

5. In an action against a town upon a claim filed with the clerk pursuant to sec. 824, R. S., the plaintiff need not prove the disallowance of the claim, the burden of proving allowance being on the town.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This action was for the recovery of damages against the defendant town, alleged to have resulted from injuries to the plaintiff's minor daughter while in her service, and to the plaintiff's horse and wagon, all caused by the breaking down of a bridge across a public highway in said town while her said daughter was driving over the same, by reason of its defective and insufficient condition, in consequence of rotten timbers having been used in its construction. The complaint alleged the giving of a notice of the injury, etc., November 28, 1892, to the chairman of the supervisors of the town that was substantially in conformity to the statute and in due season, and it was also alleged that a written statement of the plaintiff's claim was filed with the town clerk, March 15, 1894, to be laid before the town board of audit; that the town board of audit disallowed it, and at the next annual town meeting no action was taken for its allowance.

The answer admitted " that a notice of injury was some time served upon the chairman of the town, but it [defendant] now cannot state the nature of the notice or the date of it or the time it was served." It also admitted that the claim stated in the complaint " was filed with the town clerk, March 14, 1894," but denied the disallowance of it by the town board of audit, and denied that at the next annual town meeting any action was taken on it and that it was disallowed.

The only questions made on this appeal relate to the giving of a sufficient notice, and the alleged disallowance of the claim.    There was evidence tending to support the allegations of the complaint, and the plaintiff had a verdict, upon which judgment was given against the defendant, from which it appealed.

For the appellant the cause was submitted on the brief of *T. L. Cleary*.

For the respondent there was a brief by *Carter & Burns*, and oral argument by *E. E. Burns*.

PINNEY, J.  1. The defendant was required by its answer, in order to create an issue, to interpose " a general or specific denial of each material allegation of the complaint controverted by it, or of any knowledge or information thereof sufficient to form a belief."   R. S. sec. 2655.   And by sec. 2667 it is provided that " every material allegation of the complaint, not controverted by the answer, as hereinbefore prescribed,  .  .  .  shall, for the purposes of the action, be taken as true."   There is no claim but that the defendant could state the contents of the notice upon information and belief, or deny any knowledge or information sufficient to form a belief in respect to it.   The answer was wholly insufficient to create an issue upon the subject of notice, and the allegations of the complaint in that respect stood admitted, unless the defect in the answer is supplied by the opening paragraph, in which the defendant " says that as to each and every allegation, statement, matter, fact, and thing in said complaint contained, and not hereinafter admitted, it denies the same and the whole thereof."   The answer then proceeds to admit various portions of the complaint, making affirmative allegations in respect to the matters therein referred to; and this is followed by specific denials of various portions, when the portion in relation to giving notice of injury, already quoted, appears.   The portion of the answer

Althouse vs. The Town of Jamestown.

relating specifically to the question of notice is so clearly insufficient as to operate as an admission of the allegations of the complaint on that subject, and the general denial, it would seem, should be restricted in its operation and effect to matters not specifically treated in the answer. It is doubtful if the pleader has any right, after having gone over the complaint in detail,—whether by sufficient denials or not,—to expect that a denial such as the answer opens with in this case will serve to take away from the remainder of the answer its defective character. Such denial ought rather to be restrained to matter not expressly referred to or attempted to be covered by the specific allegations of the answer. It is neither a *general* nor a *specific* denial, within the meaning of the statute.

2. Presumptively the notice in question was in the defendant's possession, and it made no claim at the trial to the contrary, but urged several objections to the proof of notice. It was shown that the notice was prepared in the office of an attorney, and copied in his letter book by the letter-press process, but somewhat imperfectly, so that some words or parts of words were omitted or appeared very indistinct; and a statement as to the defect in the bridge that caused the accident, to the purport "that the breaking of the bridge was due to its insufficiency, rotten timbers being used in its construction," the defendant insists, reads, in the letter-press copy, "*no* rotten timber being in its construction." There was a part of a word, "na" or "nd," probably "and," between the words "insufficiency" and "rotten." If, through clerical error, the word "no" had been written in the connection claimed, it could not have misled the humblest understanding.

There were other minor points urged, but they do not appear to be worthy of serious consideration. Upon the whole, we think the evidence was sufficient to go to the jury to show that due notice had been given.

3. The person who wrote the notice was out of the state at the time of the trial, and his testimony had not been secured, but the court admitted the testimony of a witness who was present and saw him write and copy the notice into the letter book, and who went to the office of the attorney to get it written up, tending to show that the notice in the letter book was the same that he afterwards served on the supervisors of the town; and the court also admitted the testimony of the plaintiff's daughter, who had seen and read the notice so served, tending to show the identity of the notice served with the one found in the letter book. The defendant insisted that the testimony thus received was not the best evidence of which the nature of the case admitted; that the testimony of the absent witness who drew up the notice should have been produced. No other than the letter-press copy had been made, and the original had been delivered to the chairman of the supervisors of the defendant town; and it was, as we have said, presumptively in its possession at the trial. The evidence tendered and received was the same in degree or kind as the testimony of the absent witness would have been had he been produced, although it might have been clearer and more satisfactory; but the plaintiff was not bound to produce the strongest evidence or the best witnesses within her power. We think the defendant's objection to the testimony is clearly untenable.

4. It is insisted by the defendant that the plaintiff should have produced evidence as to the allowance or disallowance of her claim. It is admitted that the plaintiff's claim was filed with the town clerk. The object of requiring this is to enable the supervisors of the town to present the claim for the consideration of the electors at the ensuing annual town meeting, with a view to compromise or settlement without suit. *Wentworth v. Summit*, 60 Wis. 281, 283. And within ten days after the town meeting the plaintiff brought

her action, as she had a right to do. R. S. sec. 824. She was not bound to prove a negative in order to maintain it. The burden of proof of allowance of the claim was on the defendant.

The record fails to show any material error.

*By the Court.*— The judgment of the circuit court is affirmed.